NORTHROP *v.* WRIGHT, 7 Hill, 476.

In S. Ct. 24 Wend. 223.

*Adverse Possession ; Evidence.*

IN ejectment for an undivided part of a lot of land, brought by N. who claimed under a deed from one of the children of A., the following facts appeared. A. died in possession of the lot sometime between 1776 and 1782, leaving several children to whom he devised his real estate, in general terms, as tenants in common. After his death, P., one of the children, took possession of the lot, and continued to hold it for three or four years, when possession was taken by E.; but in what right or under what circumstances did not appear. E. exercised various acts of ownership upon the lot, and died possessed of it in 1798, having devised it to his son M. in fee. M. entered into possession, and continued to hold the lot until 1801, when it was sold by the sheriff to S., under a judgment for $7,000 recovered against M. about a year before. The sheriff's deed recited among other things, that the sum bid and paid on the lot was $2,275, and that M. was seised in fee of the lot. At the time the judgment was recovered against him, S. took possession of the lot, under the sheriff's deed, and in 1805 sold it to K. for $7,900, by a *quit-claim* deed purporting to convey the entire fee. In 1807, some of N.'s children and descendants executed a *quit-claim* deed to K. in consideration of $700, but there was nothing to show what interest they professed to have, or how they derived it, the deed being general in its terms. By various other successive *quit-claim* deeds, each purporting to convey the entire fee, the title of K. became vested in W., who was in possession in 1834, when this action was brought. It was admitted on the trial, that K., and all the subsequent

grantees had been in possession, under their respective deeds : and W. accordingly defended, on the ground of adverse possession. The Circuit Judge charged the jury among other things, that the possession of E. commenced under very suspicious circumstances; that the fact of the sheriff's sale having taken place so very soon after the death of E., was important to show that he had no deed; that as the conveyances under which the defendant derived title, were mere quitclaim deeds, no inference could be drawn from them that the grantees claimed an absolute right, and that the deed to K., given in 1807, clearly showed that the heirs of A., made claim to the premises. The Supreme Court having refused a new trial, on error,

The Court of Errors held, that the charge was erroneous, as calculated to mislead the jury on the question of *adverse possession.*

See opinion of Walworth, Ch., who says that the decision made in *Brown* v. *Kimball* (25 Wend. 259), is not to be considered as settling the law, beyond the particular facts of that case.

Judgment reversed, 16 to 4.